## HELLMUTH KRANICH AND JACUES BACH v. ELIZA S. SHERWOOD.

### *Sale—Fraud—Parol evidence.*

Defendant contracted in writing with plaintiffs' agent for the purchase of a piano to be delivered in the future, and, to induce the defendant to execute and deliver her notes for the unpaid portion of the purchase price, the agent delivered to the defendant another piano as security for the delivery of the instrument purchased, to be used by her until such delivery was made, in which notes the agent fraudulently inserted the style and number of the piano actually delivered, which fact was unknown to the defendant. And in replevin by plaintiffs to recover the piano so delivered, they having failed to deliver the one purchased, it is held competent for the defendant to show the aforesaid facts, and that she has the right to retain the piano as security until the one actually purchased is delivered to her.

Error to Kent. (Grove, J.) Argued June 8, 1892. Decided July 1, 1892.

Replevin. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Ward & Ward,* for appellants, contended:

1. Testimony concerning conversations had before the piano was delivered and contracts signed, as well as those had afterwards, was inadmissible, as the fraud in this case, if any, must relate to or be found in the execution of the contract; citing 17 Amer. & Eng. Enc. Law, 438; *Mitchell v. Insurance Co.,* 54 Ga. 289.

2. If defendant did not know the contents of the writing, it was, under the testimony, solely because of her failure to use such diligence for her self-protection as the law absolutely requires of her; citing Cooley, Torts, 487; and the fact that she did not read the contract could make no difference with her liability under it, where, as in this case, it does not appear that she was deceived or misled as to its contents; citing *McEwan v. Ortman,* 34 Mich. 325.

3. If defendant's theory that she was defrauded is correct, it destroys her right to hold the piano as security while rescinding the contract for fraud, even if that were a part of the contract. She cannot insist on the contract so far as beneficial to her, and rescind it so far as it is detrimental; citing *Jewett v. Petit*, 4 Mich. 508; *Draper v. Fletcher*, 26 Id. 154; *Lumber Co. v. Bates*, 31 Id. 158; *Brown v. Miller*, 63 Id. 413.

4. Contracts procured by fraud have been held to be affirmed, and the defrauded party barred of the right to take advantage of the fraud, by the use of rights transferred or the property received after knowledge of the facts constituting the fraud; citing *Craig v. Bradley*, 26 Mich. 353; *Dunks v. Fuller*, 32 Id. 242; *Crippen v. Hope*, 38 Id. 344; *Merrill v. Wilson*, 66 Id. 232; *Pangborn v. Insurance Co.*, 67 Id. 683; Cooley, Torts, 503.

*Walter H. Hughes* and *McGarry & McKnight*, for defendant.

LONG, J. This cause was tried in the circuit court for Kent county, before the court without a jury. It is an action of replevin brought to recover the possession of a piano. The piano was taken on the writ, and delivered to the plaintiffs. On the trial defendant had judgment for return.

Plaintiffs bring error.

The court below found that the plaintiffs' agent, one Ray, entered into a contract with defendant for the sale of a certain piano; that this piano was to be a French burl case, with ebony moldings, and cut work on front inlaid with silver, the price of which was to be $550, to be paid as follows: Plaintiffs were to take at the time of the signing of the contract, in part payment, a horse at $300, and the balance to be paid in two installments, of $125 each, due in six and twelve months, respectively; that the piano contracted for was never delivered to the defendant, or to any one on her account, but that a certain other piano, of a different description and of less value, was delivered to her for her use until the one contracted for should be delivered, plaintiffs' agent, Ray,

representing to the defendant that he did not have on hand at that time a piano of the description ordered, and that it would take three or four weeks to obtain one of the kind she wanted from the factory; that he desired to have the contract executed on the part of the defendant, and the notes signed for the balance, in order that he might obtain possession of the horse, and, to induce the defendant to execute the agreement on her part, and allow him to take the horse, Ray agreed to deliver, and did deliver, to the defendant said other piano as security for the delivery of the one contracted for, to be used by the defendant until such delivery should be made according to the original agreement; and that the defendant, relying upon the representations of Ray that the piano contracted for would be delivered in a short time (about three weeks), signed a contract note in the words and figures following:

" We cannot be responsible for any verbal or written contract or promise, other than written or printed on the face of this contract.

" $125.00.  GRAND RAPIDS, MAY 10, 1888.

" Six months after date I promise to pay to Paul W. Friedrich and Ray, or order, the sum of one hundred and twenty-five dollars, value received, with seven per cent. interest. If this note is not paid at maturity, it shall draw interest at ten per cent. from date.

" This note is given for the purchase of the instrument mentioned below, which instrument is to remain the property of Paul W. Friedrich and Ray until this note is paid in full; it being optional with the said Paul W. Friedrich and Ray, upon default of payment, to take possession of said instrument, or to collect the note by process of law, and, in case he shall take said instrument, said Paul W. Friedrich and Ray shall not be liable to return said moneys theretofore paid by the purchaser thereof. No verbal agreement with agent allowed, and said instrument shall not be removed from my residence

in Grand Rapids without the written consent of the said
Paul W. Friedrich and Ray.

　"Style E, No. 20,947 piano, Kranich & Bach.

　"Payable at Old National Bank, Grand Rapids.

　　　　　　　　"Eliza S. Sherwood.

　"P. O. Address, 73 Eighth Ave."

There was another note given in like words, except
that it was payable in 12 months. The court below
further found that Ray fraudulently and deceitfully
inserted in said notes and contracts the style and num-
ber of the piano actually delivered, instead of the style
and number of the piano purchased, which was unknown
to the defendant at the time she executed the notes;
that the defendant paid the sum of $300 by the delivery
of the horse at the time of signing the notes, and after-
wards paid the plaintiffs $25 in money and $11 in meal
tickets, which amount of $36 should have been indorsed
upon the notes, as said sum was paid upon the repre-
sentations of the agent of plaintiffs that a satisfactory
settlement should immediately be made; that the notes
were allowed to go to protest for the reason that the
piano purchased had not been delivered, and the terms
of the contract had not been complied with on the part
of the plaintiffs; and that the piano contracted for has
never been delivered to the defendant, nor have the horse
and money delivered by defendant been tendered back to
her.

Upon these findings the trial court entered judgment
in behalf of defendant for return. Exceptions were taken
to these findings, and certain amended findings proposed
by plaintiffs' counsel, which were refused, and to which
exceptions are taken. We need not set these findings
out upon the record, for, from the view we take of the
case, we think the judgment should be affirmed.

It is contended that the findings of fact in many

particulars are not supported by the evidence; that, if
there should be found any evidence tending to support
the findings of fact, the trial court was in error in
receiving it, as the contract was in writing, signed by
the defendant, and could not be varied or contradicted
by parol proof.

Upon the first point we are satisfied that the court
was not in error. The defendant testified that at the
time Mr. Ray, the agent of the plaintiffs, made the
arrangement with her for the sale of the piano, it was
understood that the piano she was buying from him was
not then in his possession, but would be at once ordered
for her; that when he came with the piano which he
left with her she had a talk with him about the piano
she had bought, and that he then said to her that that
piano would be left there only until the other came,
when he would send for the one she was using; and that
the kind of piano she was to have was French burl
walnut. The defendant testified, further, that she never
noticed the number upon the piano which was left with
her; that after the piano was left at her house by Ray
he said: "This is not yours; yours is to come." It
appears clearly from the testimony of the defendant
that the arrangement was made as found by the court
below, and that the inducement to the defendant to turn
the horse out to Ray was his promise to order a piano
having a French burl case, worth $550, to be delivered
to the defendant, and in the mean time, until it should
be delivered, to leave the piano in controversy with her
as security for the one that should be procured.

This testimony was competent, and not to be excluded
under the rule that parol evidence shall not be given to
vary or contradict the terms of a written contract. The
claim here is that the defendant was induced to sign the

contracts upon the understanding that the piano she was purchasing was yet to be sent for, and was to be a French burl case; and that she signed the notes or contracts set out, the plaintiffs' agent fraudulently and deceitfully inserting into the contracts the style and number of the piano which was left as security merely, and not the style and number she had contracted for. There was such fraud in this transaction, if defendant's theory is true,—and that was a question of fact for the court below,—that it would vitiate the contract of sale, and defendant would have the right to retain the piano as security until the piano actually purchased was delivered to her. In this view of the case, the court below was not in error in its findings, and in admitting the testimony upon which the findings were based.

Judgment is affirmed, with costs.

The other Justices concurred.